## THOMAS A. DENNIS *vs.* JOHN KNIGHT.

### August 28, 1888.

**Sale—Action for Price—Evidence of Seller's Title.**—Upon the issue of fact as to the ownership of the property in question in this case, evidence *held* sufficient to support the verdict.

Appeal by defendant from an order of the district court for. McLeod county, *Edson*, J., presiding refusing a new trial after verdict for plaintiff.

*H. J. Peck* and *Lewis & Nelson*, for appellant.

*R. H. McClelland*, for respondent.

VANDERBURGH, J.   The sole issue presented by the pleadings, and litigated in this action, is whether the plaintiff or his son Eben Dennis was the owner of the cattle alleged in the complaint to have been sold to defendant, and for the price of which this action is brought. Upon this point the evidence in plaintiff's behalf tended to prove that Eben lived with the plaintiff on the farm of the latter, and had the principal management of his business, and that the cattle were his own, and were sold by Eben for him, and by his authority.

Considering the relations of the parties, and the way in which the business was managed, the evidence is not very clear or satisfactory; but in respect to the question of the ownership of the cattle it was sufficient to support the verdict in plaintiff's favor, and upon that issue the case was fairly presented to the jury by the court; and none of the alleged errors as to collateral matters were prejudicial to defendant.   Defendant's excuse for not paying for the cattle is that he was garnished in a suit against Eben; but neither the garnishment nor joint partnership relation between plaintiff and his son is set up in the answer.   And for all the purposes of the defence as affecting the motives which might have influenced Eben in disclaiming ownership, or the question of his credibility, the fact of the garnishment was sufficiently proved, and so also as to the relations between him and plaintiff, the manner in which funds were drawn and used, etc.   Defendant had a plain remedy in the garnishee proceedings.   He could

have disclosed the fact and nature of plaintiff's claim, and thus saved himself harmless. But, as before stated, no such proceedings were set up in the answer, and the fact of the garnishment cannot be considered for any other purpose than was allowed in the case. And the remarks of the court upon the evidence of the partnership in the case were, to say the least, error without prejudice.

By the uncontradicted evidence the cattle in question were purchased by the two sons of the plaintiff in 1886, who then lived with him, and claimed to be acting for him. The defendant's counsel, on the cross-examination of plaintiff, asked him if he had not admitted, in the fall of 1885, that the cattle then on the farm belonged to his son. He had not been asked in respect to his son's ownership of cattle that year, though he said he did not know of his dealing in them on his own account; and the court did not refuse to allow the witness to answer, if the purpose of counsel was to lay the foundation for impeachment, or to test the credibility of the witness, but ruled it out, as immaterial upon the question of title. The defendant declined or failed to indicate to the court the purpose of the examination, and the ruling of the court against him will not be disturbed on appeal.

There are no other assignments of error which it is deemed necessary to consider.

Order affirmed.